# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BONILLA, | CASE NO. 1:03-CV-5962-OWW-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| K. DAVIS, | (Doc. 28) |
| Defendant. | |

I. <u>Defendant's Motion to Dismiss</u>

    A.    <u>Procedural History</u>

Plaintiff Martin Bonilla ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended, filed March 11, 2004, against defendant Davis ("defendant") for depriving plaintiff of meals in violation of the Eighth Amendment, and violating the Equal Protection Clause of the Fourteenth Amendment. (Doc. 19.) On February 18, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant filed a motion to dismiss for failure to state any claims upon which relief may be granted. (Doc. 28.) Plaintiff filed oppositions to the motion on April 12, 2005, and April 22, 2005. (Docs. 30, 31.) Defendant did not file a reply.

    B.    <u>Legal Standard</u>

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C. Discussion

The court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C.

///

§ 1915A. Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception.

### 1. Verbal Harassment

Defendant misrepresents plaintiff's claim as one for verbal harassment. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). The court at no time found that plaintiff stated a cognizable claim based on verbal harassment.

Rather, the court found that plaintiff stated a claim based on the violation of the Equal Protection Clause. Plaintiff has alleged facts indicating that defendant Davis discriminated against him based on his race. The allegation that defendant called plaintiff a wetback supports plaintiff's allegation of race based discrimination. The alleged racial epithet is not, by itself, the basis for plaintiff's claim for relief under section 1983.

### 2. Deprivation of Food

Defendants contend that plaintiff's allegations are insufficient to give rise to cognizable Eighth Amendment claim because the deprivation complained of is insufficient to rise to the level of an Eighth Amendment violation. As previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). At this stage in the proceedings and absent the presentation of any authority the compels the court to conclude otherwise, the court declines to find that the allegation that plaintiff was deprived of food for three days is insufficient to state a claim.

### D. Conclusion

In conclusion, the court rejects defendant's arguments that plaintiff's factual allegations are insufficient to give rise to claims for relief under section 1983. Because the court rejects defendant's

motion to dismiss plaintiff's federal claims, the court does not reach defendant's argument that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. In addition, court notes that plaintiff did not plead any state law claims and the court did not make a finding that plaintiff's amended complaint contains any state law claims. Defendant is cautioned about expanding the scope of this litigation beyond what has been set forth by either plaintiff or the court.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss for failure to state any claims upon which relief may be granted, filed February 18, 2005, be denied; and

2. Should this Findings and Recommendations be adopted in full, defendant be ordered to file a response to plaintiff's amended complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 30, 2005**              /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE